**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| NANCY MCCOY, *individually and on behalf of all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>NESTLÉ USA, INC.,<br><br>        Defendant. | Case No.: 3:23-CV-02218-MCR-HTC |

**DEFENDANT NESTLÉ USA, INC.'S**
**MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION**
<u>**COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**</u>

<u>*/s/ Dale J. Giali*</u>
Dale J. Giali
Keri E. Borders
Rebecca B. Johns
King & Spalding LLP
633 W. Fifth St.
16th Floor
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: dgiali@kslaw.com
       kborders@kslaw.com
       rjohns@kslaw.com

*Attorneys for Defendant*
*Nestlé USA, Inc.*

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................1

II.  PLAINTIFF'S CLAIMS & THE LABEL AT ISSUE ........................................3

III. LEGAL STANDARD .............................................................................6

IV.  ARGUMENT.......................................................................................7

    A.  <u>Plaintiff Has Not Plausibly Alleged Consumer Deception</u>........................7

    B.  <u>Plaintiff's Tag-Along Claims Should Also Be Dismissed</u>........................16

       (1)  Plaintiff's Claim for Breach of Express Warranty Fails .....................17

       (2)  Plaintiff's Claim for Breach of Implied Warranty Fails .....................18

       (3)  Plaintiff's Claim for Unjust Enrichment Fails ....................................19

    C.  <u>Plaintiff Lacks Standing to Sue For Injunctive Relief</u> ...............................20

V.   CONCLUSION ...................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akers v. Costco Wholesale Corp.*,
2022 WL 4585417 (S.D. Ill. Sept. 29, 2022)......................................................11

*Angeles v. Nestlé USA, Inc.*,
632 F. Supp. 3d 309 (S.D.N.Y. Sept. 30, 2022) ...........................................12, 13

*Angelo v. Parker*,
275 So. 3d 752 (Fla. 1st Dist. Ct. App. 2019) ......................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................6, 7, 8

*Axon v. Citrus World, Inc.*,
354 F. Supp. 3d 170 (E.D.N.Y. 2018) .................................................................17

*Bailey v. Monaco Coach Corp.*,
168 F. App'x 893 (11th Cir. 2006)......................................................................18

*Barreto v. Westbrae Nat., Inc.*,
518 F. Supp. 3d 795 (S.D.N.Y. 2021) .....................................................14, 17, 18

*Bell v. Publix Super Mkts. Inc.*,
982 F.3d 468 (7th Cir. 2020) ................................................................................8

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
116 F.3d 1364 (11th Cir. 1997) ............................................................................5

*Buckman v. Plaintiffs' Legal Comm.*,
531 U.S. 341 (2001)............................................................................................15

*Budhani v. Monster Energy Co.*,
2021 WL 5761902 (S.D.N.Y. Dec. 3, 2021) .......................................................14

*Budhani v. Monster Energy Co.*,
527 F. Supp. 3d 667 (S.D.N.Y. 2021) .................................................................14

*Bus. Radio, Inc. v. Relm Wireless Corp.*,
373 F. Supp. 2d 1317 (M.D. Fla. 2005)..............................................................18

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
    516 F. Supp. 3d 370 (S.D.N.Y. 2021) ................................................................11

*Carter v. Ford Motor Co.*,
    2021 WL 1165248 (S.D. Fla. Mar. 26, 2021) ....................................................17

*Chong v. Kind LLC*,
    585 F. Supp. 3d 1215 (N.D. Cal. 2022) ..............................................................15

*Church v. City of Huntsville*,
    30 F.3d 1332 (11th Cir. 1994) .............................................................................20

*Civello v. Conopco, Inc.*,
    2021 WL 5761894 (S.D.N.Y. Dec. 3, 2021) ......................................................14

*Cosgrove v. Blue Diamond Growers*,
    2020 WL 7211218 (S.D.N.Y., Dec. 7, 2020) ......................................................14

*Cosgrove v. Or. Chai, Inc.*,
    520 F. Supp. 3d 562 (S.D.N.Y. 2021) ................................................................14

*Dapeer v. Neutrogena Corp.*,
    95 F. Supp. 3d 1366 (S.D. Fla. 2015) ..................................................................5

*Dashnau v. Unilever Mfg. (US), Inc.*,
    529 F. Supp. 3d 235 (S.D.N.Y. 2021) ................................................................14

*Davis v. Pur Co. (USA), Inc.*,
    2023 WL 3024407 (W.D.N.Y. Apr. 20, 2023) ....................................................11

*Dimieri v. Medicis Pharms. Corp.*,
    2014 WL 3417364 (M.D. Fla. July 14, 2014) ....................................................17

*Dvora v. Gen. Mills, Inc.*,
    2011 WL 1897349 (C.D. Cal. May 16, 2011) ......................................................5

*Elend v. Basham*,
    471 F.3d 1199 (11th Cir. 2006) ...........................................................................20

*Fla. Power Corp. v. City of Winter Park*,
    887 So. 2d 1237 (Fla. 2004) ................................................................................19

*Garadi v. Mars Wringley Confectionery US, LLC*,
    2021 WL 2843137 (E.D.N.Y. Jul. 6, 2021) ........................................................14

*Garcia v. Kashi Co.*,
    43 F. Supp. 3d 1359 (S.D. Fla. 2014) ....................................................................18

*Gilleo v. J.M. Smucker Company*,
    2021 WL 4341056 (S.D.N.Y. Sept. 23, 2021) ...................................................14

*Guerrero v. Target Corp.*,
    889 F. Supp. 2d 1348 (S.D. Fla. 2012) ...............................................................19

*Hill v. Hoover Co.*,
    899 F. Supp. 2d 1259 (N.D. Fla. 2012) ..............................................................18

*Holland v. Abbott Lab'ys, Inc.*,
    626 F. Supp. 3d 1256 (M.D. Fla. Sept. 7, 2022) ...............................................19

*Inouye v. Adidas Am., Inc.*,
    2023 WL 2351654 (M.D. Fla. Mar. 3, 2023) ....................................................17

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
    2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) ................................................7, 17

*Jessani v. Monini N. Am., Inc.*,
    2017 WL 11614447 (S.D.N.Y. Aug. 3, 2017)..............................................12, 13

*Jones v. Nutiva, Inc.*,
    2016 WL 5210935 (N.D. Cal. Sept. 22, 2016)......................................................5

*Jones v. Orgain, LLC*,
    2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021) ...................................................14

*Kennedy v. Floridian Hotel, Inc.*,
    998 F.3d 1221 (11th Cir. 2021) ..........................................................................20

*Koch v. Royal Wine Merchs., Ltd.*,
    847 F. Supp. 2d 1370 (S.D. Fla. 2012) .................................................................7

*Kuenzig v. Kraft Foods, Inc.*,
    2011 WL 4031141 (M.D. Fla. Sept. 12, 2011).....................................................10

*Kurimski v. Shell Oil Co.*,
    2022 WL 2913742 (S.D. Fla. June 30, 2022).................................................8, 10

*Llado-Carreno v. Guidant Corp.*,
    2011 WL 705403 (S.D. Fla. Feb. 22, 2011) .....................................................7, 18

*Marrache v. Bacardi U.S.A., Inc.*,
   17 F.4th 1084 (11th Cir. 2021) ..............................................................8

*McGinity v. The Proctor & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ...............................................................8

*In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   2019 WL 5423457 (S.D. Fla. Oct. 23, 2019) .....................................21

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ..................................................................10

*Oldrey v. Nestlé Waters N. Am., Inc.*,
   2022 WL 2971991 (S.D.N.Y. July 27, 2022)......................................11

*Parham v. Aldi, Inc.*,
   2021 WL 4296432 (S.D.N.Y. Sept. 21, 2021) ...................................14

*Pichardo v. Only What You Need, Inc.*,
   2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020)......................................14

*Piescik v. CVS Pharmacy, Inc.*,
   576 F. Supp. 3d 1125 (S.D. Fla. 2021) ...............................8, 10, 19, 20

*In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*,
   2017 WL 4676585 (C.D. Cal. Oct. 20, 2017) ......................................5

*Ramirez v. Kraft Heinz Foods Co.*,
   -- F. Supp. 3d --, 2023 WL 4788012 (S.D. Fla. July 27, 2023).........16

*Roman v. LoanDepot.com, LLC*,
   387 F. Supp. 3d 1389 (M.D. Fla. 2019)................................................8

*Snyder v. Green Roads of Fla. LLC*,
   430 F. Supp. 3d 1297 (S.D. Fla. 2020)...............................................20

*Steele v. Wegmans Food Mkts., Inc.*,
   472 F. Supp. 3d 47 (S.D.N.Y. 2020) ..................................................14

*T.W.M. v. Am. Med. Sys., Inc.*,
   886 F. Supp. 842 (N.D. Fla. 1995) .....................................................18

*Twohig v. Shop-Rite Supermarkets, Inc.*,
   519 F. Supp. 3d 154 (S.D.N.Y. 2021) ................................................14

*USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*,
2016 WL 4254257 (S.D. Fla. Feb. 16, 2016) .......................................................7

*Verzani v. Costco Wholesale Corp.*,
2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ...................................................15

*Virgilio v. Ryland Grp., Inc.*,
680 F.3d 1329 (11th Cir. 2012) .......................................................................19

*Wasser v. All Market, Inc.*,
329 F.R.D. 464 (S.D. Fla. 2018)................................................................3, 20

*Weiss v. Trader Joe's*,
838 F. App'x 302 (9th Cir. 2021) ....................................................................17

*Witt v. Howmedica Oseteonics Corp.*,
2013 WL 6858395 (S.D. Fla. Dec. 30, 2013)....................................................17

*Wynn v. Topco Assocs., LLC*,
2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ....................................................14

*Zlotnick v. Premier Sales Grp., Inc.*,
480 F.3d 1281 (11th Cir. 2007) .........................................................................7

**Statutes**

21 U.S.C. § 337(a) ..............................................................................................15

21 U.S.C. § 343-1................................................................................................15

Fla. Stat. Ann. § 672.314 ....................................................................................18

**Other Authorities**

21 C.F.R. § 101.22(i) ..................................................................................5, 6, 15

21 C.F.R. § 101.30(d) ...........................................................................................6

Federal Rule of Civil Procedure 9(b)....................................................................7

Federal Rule of Civil Procedure 12(b)(6) ..........................................................6, 8

Defendant Nestlé USA, Inc. ("Nestlé"), by and through its counsel, and pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), respectfully moves the Court to dismiss Plaintiff Nancy McCoy's First Amended Class Action Complaint ("FAC") with prejudice for failure to state a claim upon which relief can be granted. In support thereof, Nestlé states as follows:

## I.   **<u>INTRODUCTION</u>**

Plaintiff Nancy McCoy's theory of deception ignores the totality of information on the label and fails to consider the information in context. Once the actual information on the label is considered in context—as the law requires—Plaintiff's deception theory collapses because no reasonable consumer would be deceived in the manner alleged. Accordingly, she does not state a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and her FAC does nothing to cure her defective pleading.

Plaintiff's FAC alleges that the packaging and label of Nestlé's Perrier-brand lime-flavored sparkling water misleads customers into thinking that the sparkling water contains an appreciable amount of real lime juice. As purported proof of the alleged deception, Plaintiff points to the depictions of limes and the word "lime" on the label.

But many food and beverage product labels inform consumers what a product *tastes* like—information that is important to consumers—using words and images.

That includes products where the taste does not come from the original source of that taste, *i.e.*, not all beverages that taste like lime get their lime taste from limes. And, of course, there's a big difference between informing a consumer what a sparkling water will taste like and informing a consumer about specific ingredients in the water. Here, the challenged labeling statements and images are focused on the former and not the latter and, significantly, the label makes that crystal clear. The label informs—through words and images—that the flavored sparkling water tastes like lime *and* communicates that the lime taste comes from a *flavor ingredient* and not from limes.

The label prominently declares that the sparkling water is "**FLAVORED**," *i.e.*, that it derives its lime taste from a flavor ingredient, not from lime juice. The label also states that the Product "**CONTAINS NO JUICE**." Moreover, and as Plaintiff herself concedes, the ingredient list—where consumers know to look for detailed information about the actual ingredients in a food or beverage—does ***not*** list lime or lime juice as an ingredient, but does list the ingredient "natural flavors." The label also states that the "**FLAVORED CARBONATED MINERAL WATER**" has "**0 CALORIES/SWEETENERS**."

What's more, at no time does the label—or any other advertising—imply or suggest that the product is made with limes or with lime juice.

Courts in this Circuit and elsewhere have repeatedly found that consumers can

and should be held to *all* information on a challenged product's label as well as to what is *not* stated on the label, and all of that is subject to consumers' common sense. Courts in this Circuit and elsewhere have accordingly dismissed claims of consumer deception that rely on a selective reading of a label. Plaintiff's allegations must be assessed according to these principles and, once done, they fall well short of stating a plausible theory of deception.

Separately, Plaintiff lacks standing to pursue injunctive relief because she is now aware that the Product contains no appreciable lime or lime juice. Plaintiff is on notice of the allegations in her FAC and knows how flavored products with no juice are labeled, and thus there is no risk that she would be misled by the label in the future.

Finally, Plaintiff's tag-along claims fail for the same and additional reasons, as detailed more fully below.

For all these reasons, Plaintiff's claims fail as a matter of law and should be dismissed with prejudice.

## II.   PLAINTIFF'S CLAIMS & THE LABEL AT ISSUE

Nestlé labels and sells lime-flavored, carbonated mineral water under the

Perrier brand, including mineral water sold in 11.15 fl oz glass bottles (the "Product"). FAC ¶¶ 1, 17. Plaintiff alleges that Nestlé misleads consumers as to the amount of lime in the Product by, among other things, labeling the Product with the word "lime," including an image of lime wedges on the Product label, packaging the Product in a green-tinted bottle, and using the word "flavored" on the Product label. FAC ¶¶ 17, 19-20. Based on this label design, Plaintiff contends that consumers "will expect an appreciable amount of lime" in the Product. FAC ¶ 17.



But Plaintiff ignores key features of the Product's label, which state that the Product (1) is a "**FLAVORED CARBONATED MINERAL WATER**" that (2) has "**0 CALORIES/SWEETENERS**" and (3) "**CONTAINS NO JUICE.**" *See* FAC ¶ 20. Moreover, Plaintiff concedes that the



4

ingredient list does not list lime or lime juice. FAC ¶ 27. These statements and lack of statements clearly convey to consumers that the Product does not contain juice and does not derive its lime taste from actual limes, but rather contains a lime taste from a flavor ingredient.[1]

Additionally, these label statements and lack of statements provide consumers with the precise information required by FDA labeling regulations to inform consumers of exactly what they are purchasing. For example, FDA has promulgated regulations that govern the use of names and images that are used to inform consumers what a product *tastes* like, *i.e.*, what FDA refers to as its characterizing flavor. 21 C.F.R. § 101.22(i)(2). These regulations state that when a label declares the characterizing flavor of the product, and there is an insufficient amount—or no amount—of that ingredient (here, lime) to provide the product's taste, the name of

---

1 Documents referenced in a complaint are subject to judicial notice. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Moreover, in false-advertising actions that involve consumer products, courts frequently and properly take judicial notice of product labeling that provides a "more complete and more legible" picture of the product label than the complaint does. *See, e.g.*, *Jones v. Nutiva, Inc.*, 2016 WL 5210935, at *2 (N.D. Cal. Sept. 22, 2016) (taking judicial notice of "of the more legible Product labels under the incorporation by reference doctrine"); *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1371 n.1 (S.D. Fla. 2015) (taking judicial notice of product labels); *Dvora v. Gen. Mills, Inc.*, 2011 WL 1897349, at *2 (C.D. Cal. May 16, 2011) (taking judicial notice of "complete color copy" of the challenged product label); *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, 2017 WL 4676585, at *2 (C.D. Cal. Oct. 20, 2017) (similar).

the characterizing flavor "shall be immediately followed by the word 'flavored.'" 21 CFR 101.22(i)(1)(i). In other words, a product can communicate what it *tastes* like by using words and images, including the name and images of fruit, so long as the label declares that the product is a "flavored" product. That's plainly what the Product label does here.

Similarly, FDA regulations governing the disclosure of fruit juice content in beverages indicate that "[i]f the beverage . . . contains no fruit or vegetable juice, but the labeling or color and flavor of the beverage represents, suggests, or implies that fruit or vegetable juice may be present," the label must contain a disclaimer such as "contains zero (0) percent (or %) juice" or "[]contains[] no __ juice." 21 C.F.R. § 101.30(d). Again, that is precisely what the Product label does here, stating "**CONTAINS NO JUICE**."

## III.   <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Evaluating a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at

679. If the well-pleaded facts do not permit the court "to infer more than the mere possibility of misconduct," the complaint fails to show "that the pleader is entitled to relief." *Id.* (citation omitted). Moreover, because Plaintiff's claims sound in fraud, Federal Rule of Civil Procedure 9(b)'s particularity requirement also applies.[2] *See, e.g.,* FAC ¶ 55.

## IV.  ARGUMENT

### A.  Plaintiff Has Not Plausibly Alleged Consumer Deception

To state a false advertising claim under FDUTPA, Plaintiff must plausibly allege that the challenged label statement was deceptive to a reasonable consumer. *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (FDUTPA plaintiff must show that the challenged representation would likely deceive a reasonable consumer). The reasonable consumer standard is an objective standard that requires Plaintiff to "show that the alleged practice was likely to

---

[2] Rule 9(b)'s particularity requirement applies not only to claims labeled as "fraud" but also to other claims that "sound in fraud," including claims under FDUTPA. *See Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) (applying Rule 9(b) to FDUTPA claim); *Koch v. Royal Wine Merchs., Ltd.*, 847 F. Supp. 2d 1370, 1381 (S.D. Fla. 2012) (applying Rule 9(b) to FDUTPA claim); *USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, 2016 WL 4254257, at *2-3 (S.D. Fla. Feb. 16, 2016) ("Courts in this district have determined that claims for false or misleading advertising under Fla. Stat. § 817.41 must comport with Rule 9(b). . . . [C]ourts regularly apply Rule 9(b) to FDUTPA claims ...."); *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *8 (S.D. Fla. Aug. 18, 2021) (applying Rule 9(b) to FDUTPA claim alleging false advertising).

deceive a consumer acting reasonably in the same circumstances." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 2021) (internal quotations and citation omitted); *Angelo v. Parker*, 275 So. 3d 752, 755 (Fla. 1st Dist. Ct. App. 2019) ("A [FDUTPA] plaintiff must show that a reasonably objective person in the same circumstances would have been deceived."). The context in which an allegedly misleading labeling statement appears is crucial because "[d]eceptive advertising claims [under state consumer protection statutes] should take into account all the information available to consumers and the context in which that information is provided and used." *Kurimski v. Shell Oil Co.*, 2022 WL 2913742, at *5 (S.D. Fla. June 30, 2022) (quoting *Bell v. Publix Super Mkts. Inc.*, 982 F.3d 468, 477 (7th Cir. 2020)). "The presence of true information or a disclaimer can rebut a claim of deception." *Piescik v. CVS Pharmacy, Inc.*, 576 F. Supp. 3d 1125, 1133 (S.D. Fla. 2021).

Where, as here, a plaintiff alleges a deceptive act but the plaintiff's own complaint as well as context and "common sense" (*Iqbal*, 556 U.S. at 679) demonstrate that the defendant's conduct is not deceptive, courts routinely dismiss FDUTPA claims for failure to state a claim. *See, e.g.*, *Roman v. LoanDepot.com, LLC*, 387 F. Supp. 3d 1389, 1394-95 (M.D. Fla. 2019); *see also, e.g.*, *McGinity v. The Proctor & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023) (Fed. R. Civ. P. 12(b)(6) dismissal of false advertising class action complaint affirmed where the alleged

ambiguity of a front-of-pack statement was cured by other parts of the label).

The Product label clearly indicates to consumers that the Product contains no lime or lime juice. First, as discussed, the Nutrition Facts panel on the back of the bottle states that the Product "**CONTAINS NO JUICE**." Further, just to the side of the front of the bottle, the label states that the Product is a "**FLAVORED CARBONATED MINERAL WATER.**" A reasonable consumer would interpret the statement "**FLAVORED CARBONATED MINERAL WATER**" to mean that the Product is flavored, but that it does not contain lime juice.

To be sure, Plaintiff alleges that leading brands of lime juice contain juice from limes. *See id.* at ¶¶ 25-26. Those other products, however, only serve to show the material and dispositive label statements that are *missing* from the Perrier Lime label. Put differently, these other labels indicate what a reasonable consumer *would expect* to see when a product *does* contain juice. For example, these lime juice products prominently declare that they contain "PURE LIME JUICE," "TROPICAL LIME JUICE," or "100% LIME JUICE." *Id.* Here, of course, the Product's label makes no such claim and does not otherwise claim to be made with limes or lime juice.

A quick look at the ingredient list and Nutrition Facts panel confirms that the Product does not contain fruit juice, placing Plaintiff's deception theory squarely at odds with what the label actually says and the governing legal principles. Indeed, as

Plaintiff concedes, the fact that the Product does not contain an "appreciable amount of lime" is "confirmed" by the ingredient list, which identifies "MINERAL WATER, CARBON DIOXIDE [and] NATURAL FLAVORS" as the Product's sole ingredients. FAC ¶ 27 (depicting the ingredient list). The ingredient list—the very information that Plaintiff agrees confirms that there is no lime in the Product—was literally at Plaintiff's fingertips at the time she made her purchase.

A consumer who wishes to know whether a product contains lime need only consult the ingredient list. *See Piescik*, 576 F. Supp. 3d at 1134 ("[T]he presence of accurate information can contribute to the implausibility that reasonable consumers would be deceived by some other information or assumption."); *Kurimski*, 2022 WL 2913742, at *7-8 (same; finding that reasonable consumer would take notice of a disclosure that the price a consumer pays when using a debit card is the "credit" price rather than "cash" price); *Kuenzig v. Kraft Foods, Inc.*, 2011 WL 4031141, at *9 (M.D. Fla. Sept. 12, 2011) ("Because the number of calories that come from fat is clearly disclosed . . . as a matter of law, Kraft's labeling is not misleading."*); see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 882-83 (9th Cir. 2021) ("information available to a consumer is not limited to the physical label and may involve contextual inferences regarding the product itself and its packaging"; reasonable consumers would not interpret "100% New Zealand Manuka Honey" to mean that honey was entirely derived from Manuka plant due to "the impossibility of making

10

a honey that is 100% derived from one floral source," the price of the product, and the honey purity rating on the label).

It is thus no surprise that in flavoring cases such as this one, courts view label statements about the characterizing flavor of the food or beverage (*e.g.*, "lime") as simply communicating the product's *taste*, rather than its *ingredients*. *See Akers v. Costco Wholesale Corp.*, 2022 WL 4585417, at *4 (S.D. Ill. Sept. 29, 2022) ("[Plaintiff] attempts to similarly conflate the words 'black raspberry flavor,' along with a picture of two black raspberries on the label and reddish coloring, with a promise of higher content of actual black raspberry juice or extract and no artificial ingredients. Such an interpretation is fanciful and unreasonable.")*; Oldrey v. Nestlé Waters N. Am., Inc.*, 2022 WL 2971991, at *3 (S.D.N.Y. July 27, 2022) ("the label's use of the phrase 'With a Twist of Raspberry Lime' merely represents that the Product is raspberry and lime flavored . . . the Product's label does not use language such as 'made with raspberries and limes,' or any other similar message that would convey to a reasonable consumer that the Product includes those particular ingredients."); *Davis v. Pur Co. (USA), Inc.*, 2023 WL 3024407, at *4 (W.D.N.Y. Apr. 20, 2023) ("the word 'peppermint,' like the word 'vanilla,' can be used and commonly understood to refer to a product's scent or flavor: it does not, by itself, necessarily promise the inclusion of any particular ingredient."); *see also Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 383 n.4 (S.D.N.Y. 2021)

(drawing a distinction between products that merely depict a flavor versus claiming that they are "made with" an ingredient; "The absence or presence of the words 'made with' can make a substantial difference where the relevant term is both an ingredient and a flavor."); *Jessani v. Monini N. Am., Inc.*, 2017 WL 11614447, at *1 (S.D.N.Y. Aug. 3, 2017) ("Courts routinely conclude that where a product describes itself as substance-flavored despite not containing the actual substance, and the ingredient list truthfully reflects that fact, as a matter of law the product would not confuse a reasonable consumer acting reasonably under the circumstances.").

*Angeles v. Nestlé USA, Inc.* is particularly instructive here. *See* 632 F. Supp. 3d 309 (S.D.N.Y. Sept. 30, 2022). There, the same counsel representing Plaintiff here advanced a theory of deception nearly identical to that advanced in the FAC, claiming that Nestlé's San Pellegrino S. Pellegrino Essenza - Lemon & Lemon Zest product, which depicted drawings of fresh lemons and was sold in a yellow-tinted bottle, deceptively created the impression of containing an appreciable amount of lemon juice and zest. *Id*. at *1-2. The court rejected the plaintiff's deception theory in that case and instead held that the plaintiff "failed to plausibly allege that a reasonable consumer would conclude from the [p]roduct's label and packaging that it contained an appreciable amount of real lemon ingredients, such that it would be misleading." *Id*. at *3. The court reasoned that the phrase "Lemon & Lemon Zest" merely indicated that the product has a lemon *taste*, particularly because the label

12

did not use language such as "made with lemon," or anything similar. *Id*. at * 4. The court further indicated that this fact was confirmed by the product label, which "explicitly state[d] that the [p]roduct 'CONTAINS NO JUICE' but rather is 'FLAVORED MINERAL WATER.'" *Id*. And, like here, the ingredient list did not include lemon as an ingredient. *Id*. Because the front of the package in that case was consistent with the objective information found on the label's nutrition facts panel, which indicated that the product was a lemon-flavored mineral water that did not contain an appreciable amount of lemon or lemon juice, the plaintiff's consumer protection claims could not proceed. *Id*. The reasoning of *Angeles* applies with equal force in this case.

And it does not stop there. The theory advanced in this case is similar to a theory repeatedly advanced by Plaintiff's counsel—and repeatedly rejected by numerous courts—that food products with the word "vanilla" on their label mislead consumers into thinking that the products' vanilla flavor derives from vanilla beans. Courts repeatedly rejected this theory of deception at the motion-to-dismiss stage, finding that no reasonable consumer would interpret the label "vanilla" to mean that a vanilla-flavored product derives its vanilla flavor exclusively from vanilla beans. Informing a consumer that a product tastes like vanilla is a perfectly legitimate use of the label and it is of benefit to consumers making decisions about what product to buy. And when the label does provide information about the vanilla taste of the

13

product, it is *not* informing a consumer about the *source* of the vanilla taste or otherwise describing the ingredients in the product. *See Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 802-803 (S.D.N.Y. 2021); *Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 165 (S.D.N.Y. 2021); *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 581-83 (S.D.N.Y. 2021); *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 245 (S.D.N.Y. 2021); *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 676-83 (S.D.N.Y. 2021); *Wynn v. Topco Assocs., LLC*, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021).[3]

Here, Plaintiff alleges a nearly identical theory of deception: that the Product's various references to "lime" will mislead consumers because they will expect an "appreciable amount of lime." But as another court found, "[p]laintiffs have not plausibly alleged that Defendant's use of the word 'vanilla,' without more, represents a claim about the constituent elements of the vanilla flavor." *Wynn*, 2021

---

[3] *See also Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775, at *3 (S.D.N.Y. Oct. 27, 2020); *Parham v. Aldi, Inc.*, 2021 WL 4296432, at *4 (S.D.N.Y. Sept. 21, 2021); *Cosgrove v. Blue Diamond Growers*, 2020 WL 7211218, at *4-5 (S.D.N.Y., Dec. 7, 2020); *Budhani v. Monster Energy Co.*, 2021 WL 5761902, at *2-*3 (S.D.N.Y., Dec. 3, 2021); *Jones v. Orgain, LLC*, 2021 WL 4392783, at *3 (S.D.N.Y. Sept. 24, 2021); *Gilleo v. J.M. Smucker Company*, 2021 WL 4341056, *6-7 (S.D.N.Y. Sept. 23, 2021); *Civello v. Conopco, Inc.*, 2021 WL 5761894, at *4-5 (S.D.N.Y. Dec. 3, 2021); *Garadi v. Mars Wringley Confectionery US, LLC*, 2021 WL 2843137 at *3 (E.D.N.Y., Jul. 6, 2021).

WL 168541, at *5.

The same logic applies here. Nothing in Plaintiff's FAC plausibly alleges that consumers will understand the Product's references to "lime" to represent that the Product's lime flavor comes from lime, and any such incorrect interpretation of the challenged label statements would be instantly clarified by the Product's other prominent disclosures: that (i) the Product "CONTAINS NO JUICE," (ii) the ingredient list does not list lime, (iii) the label does not say "made with lime" or anything similar, and (iv) that it is a "FLAVORED CARBONATED MINERAL WATER" – *i.e.*, not a beverage that contains juice.[4]

---

4 To the extent that Plaintiff alleges that the Product's front label does not comply with 21 C.F.R. § 101.22(i) (*see* FAC ¶ 33), she is incorrect. Moreover, such an argument is impliedly preempted under *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001). *Buckman* preemption derives from two fundamental principles. First, a consumer may not impose food labeling requirements under state law that are different from those imposed under federal law. 21 U.S.C. § 343-1; *Buckman*, 531 U.S. at 348. Second, a consumer has no ability to privately enforce federal labeling law. 21 U.S.C. § 337(a); *Buckman*, 531 U.S. at 349, n. 4. Congress provided no private right of action under FDCA and expressly wrote into the law that all enforcement is to be by the U.S. government (e.g., FDA) and state agencies. 21 U.S.C. § 337(a). Consumers may not side-step the no-private-right-of-action principle by using alleged violations of the FDCA as a predicate for state-law claims. *See Verzani v. Costco Wholesale Corp.*, 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010) (a "proposed [GBL] § 349 claim premised on violations of the FDCA could not survive a motion to dismiss"), *aff'd*, 432 F. App'x 29, 30 (2d Cir. 2011); *Chong v. Kind LLC*, 585 F. Supp. 3d 1215 (N.D. Cal. 2022) (proposed California Unfair Competition Law claim premised on violations of FDCA preempted under *Buckman*). If this is the gambit Plaintiff is attempting – to use Florida consumer protection law to impose liability on Nestlé for an alleged violation of the FDCA –

Finally, Plaintiff's conclusory back-up allegation that the Product lacks "an authentic lime taste" is not plausible. *See* FAC ¶ 35. As an initial matter, Plaintiff fails to plead any facts in support of this allegation, including failing to allege that her expectations about the Product's flavor were not met. This is particularly significant where, as here, she may be a repeat purchaser of the Product who tasted the Product and continued to purchase it. *See* FAC ¶ 52; *see also Ramirez v. Kraft Heinz Foods Co*., -- F. Supp. 3d. --, 2023 WL 4788012, at *4 (S.D. Fla. July 27, 2023) (plaintiff lacked standing to sue where plaintiff was a repeat purchaser of the product even after becoming aware of the alleged deception).

. And Plaintiff does not allege what an authentic lime test is *or* where or when Nestlé ever represented anything about an *authentic* lime taste. Moreover, what Plaintiff *does* plead belies her conclusory allegation. *See* FAC ¶ 29 ("Natural Flavors" . . . "imitate the taste of limes").

For these reasons, Plaintiff fails to plausibly allege consumer deception, and the Court should dismiss her claims on this basis alone.

## B.   Plaintiff's Tag-Along Claims Should Also Be Dismissed

Plaintiff's tag-along claims for breach of express warranty, breach of implied warranty, and unjust enrichment are all based on the same defective theory of

---

it is preempted. Rather, Plaintiff is required to plausibly allege the entirely separate point that the label violates FDUTPA as being deceptive to the reasonable consumer.

deception as the false advertising claim and should be dismissed for the same reasons. *See, e.g. Barreto*, 518 F. Supp. 3d at 806 ("Because the Court has already determined that [the plaintiff] has failed to allege that the product's labeling would be likely to deceive or mislead a reasonable consumer, these causes of action[] are also dismissed for the reasons already stated."); *accord Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 184–85 (E.D.N.Y. 2018), *aff'd*, 813 F. App'x 701, 706 (2d Cir. 2020); *Weiss v. Trader Joe's*, 838 F. App'x 302, 303–04 (9th Cir. 2021) (affirming dismissal of breach of warranty claims that were premised on "the exact same representations as [the plaintiff's] consumer protection claims").

In addition, these claims are also defective for other independent reasons, each of which warrants dismissal at this stage.

### (1) Plaintiff's Claim for Breach of Express Warranty Fails

Because Plaintiff failed to plausibly allege that the Product does not comport with the challenged statement on the label, she fails to plausibly allege a breach of warranty. *See Jackson*, 2021 WL 3666312, at *18. Moreover, the express warranty claim also fails for lack of privity. *Dimieri v. Medicis Pharms. Corp.*, 2014 WL 3417364, at *5 (M.D. Fla. July 14, 2014) (Florida law provides that for a breach of an express warranty, the parties must be in privity); *Inouye v. Adidas Am., Inc.,* 2023 WL 2351654, at *8 (M.D. Fla. Mar. 3, 2023); *Carter v. Ford Motor Co.*, 2021 WL 1165248, at *18 n.31 (S.D. Fla. Mar. 26, 2021); *Witt v. Howmedica Oseteonics*

17

*Corp.*, 2013 WL 6858395, at *3 (S.D. Fla. Dec. 30, 2013) (same); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1267 (N.D. Fla. 2012) (same); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (same). Because Plaintiff does not allege that she purchased the Product directly from Nestlé, she has not adequately alleged that she was in privity.[5]

### (2)    Plaintiff's Claim for Breach of Implied Warranty Fails

To prevail on a breach of implied warranty claim, a plaintiff must allege that the challenged products were not fit for their ordinary purpose. Fla. Stat. Ann. § 672.314; *Llado-Carreno*, 2011 WL 705403, at *4; *Bus. Radio, Inc. v. Relm Wireless Corp.*, 373 F. Supp. 2d 1317, 1322 (M.D. Fla. 2005). The ordinary purpose of the Product is to be used as a beverage for consumption. Nowhere in the FAC does Plaintiff allege that the Product was not fit for that use. *See Barreto*, 518 F. Supp. 3d at 806-807.

Moreover, to prevail on a breach of implied warranty claim, a plaintiff must allege privity between the defendant and the consumer. *Bailey v. Monaco Coach Corp.*, 168 F. App'x 893, 894 n.1 (11th Cir. 2006) ("Under Florida law, privity of

---

[5] To be sure, some courts in this Circuit have ruled that privity is not required on a claim for breach of express warranty. *See, e.g., Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1388-89 (S.D. Fla. 2014) (motion to dismiss order collecting decisions and recognizing a split in the Circuit). The better-reasoned view is to require privity. Because a breach of express warranty claim is, at its core, a claim for breach of contract, it follows that "the plaintiff must be in privity of contract with the defendant." *See, e.g., T.W.M.*, 886 F. Supp. at 844.

contract is an essential element of a claim for breach of implied warranty."); *Holland v. Abbott Lab'ys, Inc.*, 626 F. Supp. 3d 1256, 1262 (M.D. Fla. Sept. 7, 2022) ("A claim for breach of implied warranty under Florida law requires privity"). Plaintiff does not allege that she purchased the Product directly from Nestlé and accordingly cannot state a claim for breach of express warranty.

### (3) Plaintiff's Claim for Unjust Enrichment Fails

Plaintiff's stand-alone unjust enrichment claim is duplicative of remedies sought in her other claims and should be dismissed for the same reasons. *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1357 (S.D. Fla. 2012) ("[I]f Plaintiff cannot prevail on her FDUTPA claim, she cannot prevail on her unjust enrichment claim."). Moreover, a claim for unjust enrichment requires that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004)). Plaintiff alleges that Nestlé "obtained benefits and monies because the Product was not as represented and expected . . ." FAC ¶ 89. However, because Plaintiff has not alleged a deceptive act, it is not unjust for Nestlé to retain any benefit it allegedly received. *See Piescik*, 576 F. Supp. 3d at 1135.

### C.    Plaintiff Lacks Standing to Sue for Injunctive Relief

Injunctive relief focuses on the likelihood of imminent future injury. *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). A plaintiff who seeks injunctive relief must plausibly show a "real and immediate" threat of future harm. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229-30 (11th Cir. 2021); *accord Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006). Here, Plaintiff alleges that she would purchase the Product in the future "when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition." FAC ¶ 60.

Plaintiff, however, is now aware that the Product does not contain lime or lime juice, and she knows precisely where to look on the package to find the ingredient list that confirms that. Because Plaintiff now "actually know[s] the truth underlying that labeling" (which was obvious all along), she "cannot be deceived by it in the future" and accordingly lacks standing to seek injunctive relief. *Wasser v. All Market, Inc.*, 329 F.R.D. 464, 471 (S.D. Fla. 2018); *see also Piescik*, 576 F. Supp. 3d at 1131 (plaintiff lacked standing to seek injunctive relief where he was "acutely aware" of the defendant's alleged misrepresentations); *see also Snyder v. Green Roads of Fla. LLC*, 430 F. Supp. 3d 1297, 1304 (S.D. Fla. 2020) (no standing to sue for injunctive relief where "Plaintiffs' allegations make clear that they will not purchase more of Defendant's products so long as the labeling does not meet their

20

standards"); *In re Monat Hair Care Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 5423457, at *5 (S.D. Fla. Oct. 23, 2019) (no standing to sue for injunctive relief where plaintiffs alleged that they "would not have purchased the [p]roducts had they known of the harm").

## V.    <u>CONCLUSION</u>

For the reasons above, the FAC should be dismissed. Because Plaintiff still has not stated a claim after availing herself of the opportunity to amend, dismissal should be with prejudice.

Date: August 14, 2023                                Respectfully submitted,


                                                     */s/ Dale J. Giali*
                                                     Dale J. Giali
                                                     Keri E. Borders
                                                     Rebecca B. Johns
                                                     King & Spalding LLP
                                                     633 W. Fifth St., 16th Floor
                                                     Los Angeles, CA 90071
                                                     Telephone: (213) 443-4355
                                                     Email: dgiali@kslaw.com;
                                                            kborders@kslaw.com
                                                            rjohns@kslaw.com
                                                     *Attorneys for Defendant*
                                                     *Nestlé USA, Inc.*

## <u>LOCAL RULE 7.1(F). CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies that the text of the foregoing Defendant Nestlé USA, Inc.'s Motion to Dismiss the First Amended Class Action Complaint and Incorporated Memorandum of Law comprises 5,135 words, excluding parts excluded under LR 7.1(F), according to the word count provided by Microsoft Word (Office 365) word processing software.

*/s/ Dale J. Giali*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on August 14, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a Notice of Electronic Filing on all counsel of record.

Dated: August 14, 2023

*/s/ Dale J. Giali*